4. EQUITY, § 303*—*who has burden of proof as to new matter alleged in answer.* The burden of proof of new matter alleged in an answer to a bill, *held* to be upon the defendant.

5. APPEAL AND ERROR, § 365*—*what is effect of failure to make objection and note exception at proper time.* Failure to make objection and note exception at the proper time during the course of a trial, *held* to operate as a waiver of the right to present the merits of the controversy on appeal.

---

## Butchers' Advocate Company, Appellee, v. Autovacuum Refrigerating Company, Appellant.

### Gen. No. 22,778.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed May 21, 1917.

### Statement of the Case.

Action by the Butchers' Advocate Company, a corporation, plaintiff, against the Autovacuum Refrigerating Company, a corporation, defendant, to recover under a contract for advertising. From a judgment for plaintiff for eighty-four dollars, defendant appeals.

The contract sued on provided:

"Chicago, Dec. 21, 1914.

"The undersigned hereby authorize the Publisher of The Butchers' Advocate to insert our advertisement to occupy 5 inches every other week in the Butchers' Advocate, for three months and thereafter until the publisher has order to discontinue the advertisement for which we agree to pay $6.00 (six dollars) per insertion.

AUTOVACUUM REFRIGERATING COMPANY
Per W. J. Kelly."

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Butchers' Advocate Co. v. Autovacuum Refg. Co., 205 Ill. App. 540.

January 11, 1915, defendant claimed to have mailed plaintiff a certain letter stating it was not ready to deliver certain cuts for the advertisement, and February 3, 1915, a letter that it had decided not to do any advertising just then.

MAXIMILIAN J. ST. GEORGE, for appellant.

ELBERT C. FERGUSON, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 138*—*when notice to produce original letter is unnecessary as basis for secondary.* Copies of certain letters shown to have been regularly mailed by defendant to plaintiff, *held* admissible in evidence, notwithstanding no notice was given plaintiff of defendant's intention to introduce secondary evidence of the contents of such letters or demand made upon plaintiff to produce same in court, it appearing that the letters were not in plaintiff's possession at the time of trial.

2. EVIDENCE, § 39*—*when presumed that letters were received.* A showing that certain letters had been regularly mailed by defendant to plaintiff, *held* to give rise to a presumption that they had been received.

3. CONTRACTS, § 193*—*when letters subsequently written are not part of contract.* Where, after entering into a certain contract with plaintiff for certain advertising, defendant wrote several letters to plaintiff to the effect that it was not ready to or had decided not to advertise, such letters *held* not part of the contract and not to affect plaintiff's right of action under the contract.

4. CONTRACTS, § 384*—*when notice of intention not to be bound by contract beyond time limited is shown.* Evidence *held* sufficient to show that plaintiff had notice that defendant did not intend to be bound by the contract of advertising sued on beyond the period fixed therein.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.